IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11-CR-00108-RJC

| | |
|---|---|
| USA | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| DELTON JEFFREY HUNT | ) |
| | ) |

**THIS MATTER** is before the Court upon motion of the defendant pro se for jail credit. (Doc. No. 26).

According to the motion, the defendant was arrested on a state assault charge on August 7, 2010. (Id. at 1). He was brought to federal court on a writ of habeas corpus ad prosequendum, (Doc. No. 4), and made his initial appearance on May 9, 2011, on an indictment charging a violation of 18 U.S.C. § 922(g)(1), (Doc. No. 5). After he pled guilty and was sentenced for the federal offense, (Doc. No. 18: Judgment), he was returned to state custody on February 2, 2012, (Doc. No. 20: Executed Writ).[1] The defendant asserts he was subsequently convicted of the state assault offense and sentenced to a term of imprisonment to be served concurrently with the federal sentence. (Doc. No. 26: Motion at 3). He was delivered to the Bureau of Prisons to serve his federal sentence on March 19, 2013. (Doc. No. 21: Executed Judgment). In the motion, the defendant requests that the Court order credit for time that he spent in federal custody plus one year in state custody to give effect to the state judge's order of a concurrent sentence. (Id.).

---

[1] The defendant claims he was transferred back and forth between federal and state custody during the pendency of his federal case. (Doc. No. 26: Motion at 3). The record does not support that version of events, although the defendant's misunderstanding may be attributable to the housing of federal detainees at the county jail.

It is the responsibility of the Attorney General, through the Bureau of Prisons, to compute jail credit. United States v. Stroud, 584 F.3d 159, 160 (4th Cir. 2014) (citing United States v. Wilson, 503 U.S. 329, 334-35 (1992)). Although the defendant seeks credit for spent in official detention under 18 U.S.C. § 3585(b), that statute prohibits awarding credit for time that has been credited against another sentence. If a defendant is not given the sentencing credit he thinks he deserves, his recourse is first to seek an administrative remedy, 28 C.F.R. § 542.10, and after that to file a petition under 28 U.S.C. § 2241 in the district of confinement.[2] Id.

**IT IS, THEREFORE, ORDERED**, that the defendant's pro se motion to receive jail credit (Doc. No. 26) is **DENIED**.

The Clerk is directed to certify copies of this order to the defendant, counsel for the defendant, to the United States Attorney, the United States Marshals Service, and the United States Probation Office.

Signed: September 26, 2016

Robert J. Conrad, Jr.
United States District Judge

---

[2] The defendant is serving his sentence at FCI-Williamsburg in Salters, South Carolina. (Doc. No. 26: Motion at 5).